UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUDRIANA HOGAN, on behalf
of herself and on behalf of all others
similarly situated,

    Plaintiff,

v.                                                            CASE NO.:

FLOYO, LLC, ORANGE LEAF
HOLDINGS, LLC, and RICHARD
KASPERBAUER, an individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AUDRIANA HOGAN ("Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendants, FLOYO, LLC ("FLOYO"), ORANGE LEAF HOLDINGS LLC ("Corporate Orange Leaf"), and RICHARD KASPERBAUER ("Kasperbauer"), (collectively as "Defendants"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sarasota County, Florida, which lies within the Middle District.

## SUPPORTING FACTS AND ALLEGATIONS

4. Orange Leaf Holdings LLC is a nation-wide frozen yogurt franchisor d/b/a Orange Leaf Frozen Yogurt. FLOYO, LLC is a franchisee of Corporate Orange Leaf and operates multiple stores located in Sarasota, Florida and Fort Meyers, Florida. FLOYO, LLC is owned and managed by Defendant Kasperbauer.

5. Defendants are "joint-employers" under the FLSA by virtue of their rigorous control over all of its franchisees and individual employees. Further, work performed by Plaintiff and members of the Class for the primary employer, FLOYO, simultaneously benefits a second employer, Corporate Orange Leaf.

6. Corporate Orange Leaf and Non-Party Humble Donut entered into a partnership agreement to provide co-branding, joint-franchise opportunities to franchisees and customers. Collectively, Defendants exercise control over almost all aspects of a franchisee's operations, including, but not limited to, the job application process, job screening process, job qualification requirements, employment policies, pricing, uniforms, food quality and preparation, store design, etc. Further, Corporate Orange Leaf prepares the payroll and distribute the payment of wages for Plaintiff and members of the Class.

## PARTIES

7. Plaintiff is a resident of Sarasota County, Florida and was employed by All Defendants until her termination.

8. Defendant FLOYO, LLC operates a self-service frozen yogurt franchise and mini-donut franchise in Sarasota, in Sarasota County, Florida.

9. Defendant RICHARD KASPERBAUER is an individual owner of FLOYO, LLC and exercises significant day-to-day control over FLOYO, including with respect to personnel, management, and daily business operations.

10. Defendant ORANGE LEAF HOLDINGS LLC is a franchisor that operates a nation-wide chain of self-service frozen yogurt franchises based in Oklahoma City, Oklahoma. Defendant Corporate Orange Leaf maintains significant control over its franchises and individual employees.

## GENERAL ALLEGATIONS

11. Plaintiff has satisfied all conditions precedent, or they have been waived.

12. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

14. At all times, Named Plaintiff, AUDRIANA HOGAN was employed by Defendants as a cashier.

15. The putative class of similarly situated employees consists of all other cashiers employed by Defendants within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

16. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendants continue to be an "employer" within the meaning of the FLSA.

18. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

19. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

20. Defendants supervised Plaintiff and the Class, and exercised control over the wages, hours, and working conditions of Plaintiff and the Class. Defendants also controlled the payroll practices.

## FACTS

21. Plaintiff began working for Defendants as a cashier on September 10, 2018. Plaintiff was paid less than the federal minimum wage, specifically; Defendants have been taking advantage of a tip credit, which allows Defendants to include in its calculation of wages a portion of the amounts Plaintiff received in tips.

22. Defendants required Plaintiff to "tip out" her tips earned for each shift to a tip pool controlled by Defendants.

23. Defendants required Plaintiff to participate in an illegal and mandatory tip pool (or tip sharing arrangements) in which Defendants distributed Plaintiff's tips to individuals who are not considered "customarily and regularly tipped employees." Therefore, Defendants forfeited their right to claim a tip credit adjustment to minimum wage obligations for each hour Plaintiff worked while employed for Defendants.

24. At all times material hereto, Defendants failed to pay Plaintiff all tips earned. Defendants retained tips which are the property of Plaintiff.

25. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA. Defendants have been taking advantage of a tip credit which allowed Defendants to include in their calculation of wages a portion of the amount Plaintiff received in tips.

### FLSA COLLECTIVE ACTION ALLEGATIONS
(All Plaintiffs against All Defendants)

26. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of cashiers whom Defendants failed to compensate for failure to pay the Class all tips earned in accordance with the FLSA.

27. Therefore, notice is properly sent to: "All cashiers whom Defendants failed to compensate for all of the earned tips from September 2018 to March 2019."

28. The Corporate Defendants are joint-employers and both individually and collectively constitute enterprises engage in commerce as defined by 29 U.S.C. §203(s)(1)(A) because at all times material hereto it had an annual gross volume of sales in excess of $500,000.00.

29. The total number and identities of the Class members may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

30. Plaintiff is similar to the Class because she and the Class have been unlawfully denied full payment of their minimum wages as mandated by the FLSA.

31. Plaintiff's experience with Defendants' payroll practices is typical of the experiences of the Class.

32. Defendants' failure to compensate each Class Member, in that they have not received the minimum wage required by the FLSA.

33. Defendants' practice of making unlawful deductions from wages in violation of the FLSA is common to the Class.

34. Overall, Plaintiff's experience as a cashier who worked for Defendants is typical of the experience of the Class.

35. Specific job titles or job duties of the Class do not prevent collective treatment.

36. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

### **COUNT I – FLSA MINIMUM WAGE VIOLATIONS**

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

38. Defendants' policy and practice of requiring its tipped employees to tip out employees who do not customarily and regularly receive tips, violates the FLSA.

39. Defendants' policy and practice failed to inform tipped employees of the provisions of 29 U.S.C. § 213(m) which violates the FLSA.

40. During the statutory period Defendants violated the tip credit exception to the minimum wage provisions of the FLSA. Accordingly, Defendants are not permitted to take a tip credit.

41. Defendants knew or should have known that their policies and practices relating to tip pooling violate the FLSA.

42. Defendants have not made a good faith effort to comply with the FLSA.

43. Rather, Defendants knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out their illegal tip-pooling practices.

44. Plaintiff is entitled to the difference between the wage she received by Defendants and the applicable minimum wage for all hours worked, in addition to the amount Plaintiff was required to tip-out to Defendants' employees who are not customarily tipped.

45. In addition, Plaintiff is entitled to an amount equal to her unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

46. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

  a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

  b) Judgment against Defendants that their violations of the FLSA were willful;

  c) An equal amount to the damages as liquidated damages;

  d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

  e) Restitution for tip outs required by Defendants which violated the

    FLSA;

 f) All costs and attorney's fees incurred in prosecuting these claims;

    and

 g) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of August, 2019.

              Respectfully submitted,

              */s/ Brandon J. Hill*
              **BRANDON J. HILL**
              Florida Bar Number: 37061
              **Anthony M. Knight, Esq.**
              Florida Bar Number: 1010530
              **WENZEL FENTON CABASSA, P.A.**
              1110 North Florida Ave., Suite 300
              Tampa, Florida 33602
              Direct: 813-337-7992
              Main: 813-224-0431
              Facsimile: 813-229-8712
              Email: bhill@wfclaw.com
              Email: aknight@wfclaw.com
              Email: jcornell@wfclaw.com
              Email: rcooke@wfclaw.com
              **Attorney for Plaintiff**